**IN THE COURT OF APPEALS OF IOWA**

No. 14-1248
Filed August 5, 2015

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**ARTHUR CHERRY,**
    Defendant-Appellant.

_____

Appeal from the Iowa District Court for Black Hawk County, Joseph M. Moothart, District Associate Judge.

Arthur Cherry appeals the denial of his motion to suppress. **AFFIRMED.**

Jacob Mason of JL Mason Law, PLLC, Ankeny, for appellant.

Thomas J. Miller, Attorney General, Mary A. Triick, Assistant Attorney General, Linda Fangman, County Attorney, and Charity Sullivan, Assistant County Attorney, for appellee.

Considered by Vaitheswaran, P.J., and Potterfield and McDonald, JJ.

**POTTERFIELD, J.**

Arthur Cherry appeals following his conviction for operating while intoxicated (OWI), second offense. He argues the trial court erred in denying his motion to suppress, contending his consent to chemical testing was not voluntary.

**I. Background Facts.**

Waterloo Police Officer Kyle Law was investigating a reported assault when he saw Cherry driving a white SUV. Officer Law noticed the vehicle's hatchback was unlatched, and he stopped the vehicle. The driver, Cherry, smelled of alcoholic beverages, and the officer suspected him of being intoxicated. Cherry told the officer he had been drinking earlier in the night, went to bed and slept awhile, and then got up and drank half a Smirnoff malt beverage. The officer conducted field sobriety tests, which Cherry failed. Cherry was then placed under arrest for operating while intoxicated, and he was transported back to the police station.

Upon arrival back at the station, Officer Law read Cherry the implied consent advisory. Officer Law asked Cherry if he wished to make any phone calls. Cherry declined. The driver's license revocation consequences of refusing the test and of failing the test were then correctly explained to Cherry; because of Cherry's prior OWI conviction, he was told that if he refused a test a two-year license revocation would be imposed. Officer Law told Cherry that if he consented to a test and failed, a one-year license revocation would be imposed. If Cherry consented to a test and passed he would be free to go.

Cherry asked Officer Law "if he had only drank the half of a bottle of the Smirnoff malt beverage would he be able to pass the test." Officer Law "told him if he was truthful and that's all that he had to drink and it's been over an hour, that he should be able to pass the test." Officer Law further explained that "on average an adult male can process one drink per hour." Cherry consented to the breath test and the test, results indicated a blood alcohol level of 0.120, which is over the .08 legal limit.

Cherry moved to suppress the test result, arguing his decision was not voluntary based on the statements of the officer. The district court denied the motion, concluding the defendant was not induced to provide a breath test by the officer's response to his question as to whether he would pass if he had consumed only half a bottle of malt beverage. The court found Cherry's consent to be voluntary and freely made. Cherry then consented to a trial on the minutes of testimony, was found guilty of second offense OWI, and now appeals.

## II. Standard of Review.

> "When a defendant who has submitted to chemical testing asserts that the submission was involuntary, we evaluate the totality of the circumstances to determine whether or not the decision was made voluntarily." *State v. Garcia*, 756 N.W.2d 216, 219 (Iowa 2008). Our review is de novo, *State v. Hutton*, 796 N.W.2d 898, 902 (Iowa 2011); therefore, we make an independent evaluation based on the entire record, *State v. Ochoa*, 792 N.W.2d 260, 264 (Iowa 2010). We give considerable weight to the district court's assessment of voluntariness but are not bound by its factual findings. *State v. Gravenish*, 511 N.W.2d 379, 381 (Iowa 1994).

*State v. Overbay*, 810 N.W.2d 871, 875 (Iowa 2012).

**III. Discussion.**

A person who operates a motor vehicle while intoxicated is deemed to have consented to chemical testing. Iowa Code § 321J.6(1) (2013). Although drivers are deemed to have impliedly consented to testing, they nonetheless generally have the statutory right to withdraw that consent and refuse to take any test. *Overbay*, 810 N.W.2d at 876. "Valid consent therefore must be given voluntarily with the decision to submit to a chemical test being 'freely made, uncoerced, reasoned, and informed.'" *Id.* (quoting *Garcia*, 756 N.W.2d at 220). "The ultimate question is whether the decision to comply with a valid request under the implied-consent law is a reasoned and informed decision." *State v. Bernhard*, 657 N.W.2d 469, 473 (Iowa 2003).

Upon our de novo review of the circumstances, we agree with the district court that Cherry was not misled, and his consent to chemical testing was voluntary. *See Gravenish*, 511 N.W.2d at 381 ("When coercion is alleged, the State must prove by a preponderance of the evidence the absence of undue pressure or duress."). The officer did not use deception; Cherry was about thirty years old; he asked questions and appeared to understand the officer's responses; and he had a prior OWI conviction. *See id.* (noting factors to consider when determining voluntariness). We are not persuaded by Cherry's claim that his consent was induced by an improper promise of leniency. *Cf. State v. Polk*, 812 N.W.2d 670, 674 (Iowa 2012) ("The defendant's confession is to be suppressed if it follows the officer's improper promise of leniency."). Officer Law's statements were factually correct. We therefore affirm.

**AFFIRMED.**